UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| YASMEYA MEHMETI, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 18-13232 (FLW) (TJB) |
| | : | |
| v. | : | |
| | : | |
| NEW JERSEY DEPARTMENT OF | : | |
| CORRECTIONS et al., | : | **OPINION** |
| | : | |
| Defendants. | : | |
| | : | |

Plaintiff Yasmeya Mehmeti ("Plaintiff"), a prisoner currently incarcerated at MDC Brooklyn, filed a civil rights action under 42 U.S.C. § 1983 on or about August 21, 2018, and paid the filing fee on May 11, 2022.[1]  See ECF Nos. 1, 22.

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a

---

[1] There is a large gap between the submission of Plaintiff's Complaint and her submission of the filing fee. Plaintiff was a prisoner at Bo Robinson, a halfway house in Trenton, New Jersey, at the time she submitted her Complaint for filing. As such, for purposes of this screening, the Court assumes that the prisoner mailbox rule applies, and Plaintiff's Complaint is deemed filed when she handed it to prison officials for filing. *See Houston v. Lack*, 487 U.S. 266 (1988). Moreover, the Third Circuit has deemed a complaint to be constructively filed as of the date that the clerk received the complaint—as long as the plaintiff ultimately pays the filing fee or the district court grants the plaintiff's request to proceed *in forma pauperis*. *McDowell v. Delaware State Police*, 88 F.3d 188, 191 (3d Cir. 1996) (citing *Rodgers ex rel. Jones v. Bowen*, 790 F.2d 1550, 1551–52 (11th Cir.1986) (holding that a complaint is deemed "filed" for statute of limitations purposes when actually or constructively received by the court clerk—despite the untimely payment of the filing fee). As such, at the latest, the Court deems Plaintiff's Complaint filed as of August 24, 2018. As explained below, Plaintiff's Eighth Amendment § 1983 claims arising from corrections officers' assaults of Plaintiff at New Jersey State Prison between 2009-2012 are time barred using either date.

claim with respect to prison conditions, *see* 42 U.S.C. § 1997e.  The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "[T]he legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A is identical to the legal standard employed in ruling on 12(b)(6) motions."  *Courteau v. U.S.*, 287 F. App'x. 159, 162 (3d Cir. 2008) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir.2000)); *see also Schreane v. Seana*, 506 F. App'x. 120, 122 (3d Cir. 2012) (citing *Allah*, 229 F.3d at 223 (discussing 28 U.S.C. § 1915(e)); *Mitchell v. Beard*, 492 F. App'x. 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)).  Because Plaintiff is a prisoner and has sued governmental entities/employees and raised claims regarding prison conditions, her Complaint is subject to *sua sponte* screening under 28 U.S.C. § 1915A and 42 U.S.C. § 1997e.

In her Complaint, dated August 21, 2018, Plaintiff alleges that she was transferred from Edna Mahan Correctional Facility for Women ("Edna Mahan") to New Jersey State Prison ("NJSP") on several occasions between 2009-2012.  *See* Complaint at 4.  Plaintiff alleges that she was sentenced to a women's corrections facility, and she was not sentenced to be physically punished.  *Id.* at 5.  While Plaintiff was housed at NJSP, male corrections officers assaulted her and damaged her teeth.  *Id.*  She was provided dentures at Edna Mahan to "keep [her] quiet."  *Id*. Plaintiff further alleges that corrections officers at NJSP dragged her down the stairs by her hair, causing bald spots.  *See id.* at 5.  This assault occurred because Plaintiff looked at the corrections officer disrespectfully.  *Id.*  Corrections officers would beat Plaintiff naked, which was very embarrassing to her, and throw her down the stairs head-first.  *Id.*  Plaintiff contends that she was subjected to abuse that should not have been acceptable to the administration at either facility.  *Id.*

When Plaintiff complained, she was put on medication for "mental health" and was forced to take medications against her will. *See id.* Although Plaintiff was not suicidal, she was placed on suicide watch and watched constantly by male corrections officers while wearing only a suicide gown. *See id.*

Plaintiff has sued the New Jersey Department of Corrections ("NJDOC") and Edna Mahan, and also asks the Court to hold William Hauck, Administrator at Edna Mahan, responsible for her injuries. *See* Complaint at 1, 6-7. Plaintiff asserts her claims for relief under 42 U.S.C. § 1983.[2] *See id.* at 2. The Court liberally construes Plaintiff to allege Eighth Amendment excessive force and/or failure to protect claims arising from the assaults that occurred at NJSP, as well as a potential Fourteenth Amendment claims for forced medication.

The Court begins with the claims against NJDOC and Edna Mahan. Section 1983 imposes liability on "[e]very person who, under color of [State law] ... subjects ... any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights ... secured by the Constitution and laws." 42 U.S.C. § 1983. Section 1983 only authorizes suits against "persons" acting under the color of state law. *See Hafer v. Melo*, 502 U.S. 21, 26 (1991). It is well established that that the state and state entities, such as NJDOC and Edna Mahan, are not persons subject to suit under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989); *Valle v. Bayside State Prison*, No. CIV 10–0614 JBS, 2010 WL 5141731, at *2 (D.N.J. Dec.9, 2010) (citing *Grabow v. Southern State Correctional Facility*, 726 F. Supp. 537, 538–39 (D.N.J.1989) (New Jersey Department of Corrections and state prison facilities are not "persons" under § 1983)). The Court therefore dismisses <u>with prejudice</u> the §1983 claims against NJDOC

---

[2] The Court does not construe Plaintiff to raise any state law claims.

3

and Edna Mahan, as these Defendants are state entities and are not "persons" under 42 U.S.C. §1983.

Plaintiff also appears to allege that William Hauck was the Administrator of Edna Mahan at the time she was transferred to NJSP, where she was assaulted by corrections officers, and that the abuse she experienced at NJSP should not have been acceptable to the administrators at Edna Mahan and NJSP. The Supreme Court has recognized that "[t]he Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones," and it is well-established that "[b]eing violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'" *Farmer v. Brennan*, 511 U.S. 825, 832, 834 (1994) (internal citations and quotations omitted) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)).

Here, Plaintiff appears to assert that William Hauck liable for her injuries because he was the administrator at Edna Mahan at the time she was transferred to NJSP and Plaintiff should not have been housed there. This allegation, standing alone, is insufficient to hold Hauck liable under § 1983 for the assaults by corrections officers at NJSP. "To establish liability under § 1983, each individual defendant 'must have personal involvement in the alleged wrongdoing.'" *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). As such, William Hauck, as an Administrator at Edna Mahan, may not be held liable under § 1983 on the basis of *respondeat superior*.

As relevant here, a supervisor may be held liable under § 1983 if that supervisor was "involved personally, meaning through personal direction or actual knowledge and acquiescence,

4

in the wrongs alleged." *McKenna v. City of Philadelphia*, 582 F.3d 447, 460 (3d Cir. 2009) (citing *Rode*, 845 F.2d at 1207); *see also A.M. ex rel J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) ("A supervisor may be personally liable ... if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations."  Supervisors may also be liable as policy-makers "if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, custom, or practice which directly caused [the] constitutional harm.'" *See A.M.*, 372 F.3d at 586 (citing *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989).  Plaintiff has provided no facts to suggest that Hauck participated in the assaults, directed the corrections officers to assault Plaintiff, or had knowledge of the assaults and failed to stop them.  Nor does Plaintiff allege Hauck knew that Plaintiff faced a substantial risk of harm at NJSP or that the assaults occurred due to a policy or custom attributable to Hauck.  As such, the Court dismisses the Complaint against Hauck for failure to state a claim for relief.

Moreover, any Eighth Amendment claims against Hauck or the individual corrections officers themselves are untimely, as the relevant assaults occurred between 2009-2012.[3]  Although

---

[3] It is not clear if Plaintiff has sued the unidentified corrections officers who committed the assaults.  It is notable that civil rights claims may be asserted against fictitious defendants pursuant to New Jersey's fictitious defendant rule, which reads as follows:

> In any action, ... if the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient for identification.

N.J.R. 4:26–4.  Nevertheless, "[t]he fictitious party rule may be used only if the plaintiff exercised due diligence to ascertain the defendant's true name before and after filing the complaint." *DeRienzo v. Harvard Industries, Inc.*, 357 F.3d 348, 353 (3d Cir. 2004) (citing *Farrell v. Votator Div. of Chemetron Corp.*, 62 N.J. 111, 299 A.2d 394, 396 (1973)).  The fictitious name designation also must have appended to it "an appropriate description sufficient to identify" the defendant. *Id.* (quoting *Rutkowski v. Liberty Mut. Ins. Co.*, 209 N.J. Super. 140, 506 A.2d 1302, 1306–07 (1986)).  Here, even if the Court liberally construes Plaintiff to sue the unidentified corrections officers as John Does, she does not provide descriptions sufficient to identify any of the John Doe individuals.

5

the statute of limitations is an affirmative defense, *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002), a complaint can be dismissed for failure to state a claim if the allegations show that relief is barred under the relevant statute of limitations. *See Jones v. Bock*, 549 U.S. 199, 214-215 (2007). Thus, a district court may *sua sponte* dismiss a claim as time-barred under 28 U.S.C. § 1915A(b)(1) where it is apparent from the complaint that the applicable limitations period has run. *See, e.g., Hunterson v. Disabato*, 244 F. App'x. 455, 457, (3d Cir. 2007).

The assaults complained of in the Complaint occurred in 2012 at the latest, when Plaintiff was housed at NJSP. Plaintiff's Complaint is governed by New Jersey's two-year limitations period for personal injury. *See Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). The accrual date of a § 1983 action is determined by federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014). "Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez*, 773 F.3d at 480 (internal quotation marks omitted). There is nothing in the Complaint to suggest that Plaintiff did not know of her injuries when they occurred. Accordingly, the two-year statute of limitations for Plaintiff's Eighth Amendment claims expired in 2014 at the latest, and Plaintiff did not file this action until August 21, 2018, at the earliest. Thus, even if Plaintiff had sued the individual officers as John Doe Defendants and provided enough facts to state claims for relief under the Eighth Amendment against the John Doe defendants and/or Hauck, such claims would be subject to dismissal on the basis of the statute of limitations, absent some basis for equitable tolling.

---

As such, if Plaintiff submits an Amended Complaint and names the corrections officers as John Does, she must also allege sufficient facts to identify them.

Plaintiff has not provided a sufficient basis for equitable tolling of her Eighth Amendment claims regarding the assaults that occurred between 2009-2012.  "State law, unless inconsistent with federal law" governs the issue of whether a limitations period should be tolled."  *Dique*, 603 F.3d at 185.  New Jersey courts will apply equitable tolling where a plaintiff "has been induced or tricked by h[er] adversary's misconduct into allowing the filing deadline to pass," where a plaintiff has "in some extraordinary way been prevented from asserting h[er] rights," or "where a plaintiff has timely asserted h[er] rights mistakenly by either defective pleading or in the wrong forum."  *See Freeman v. State*, 347 N.J. Super. 11, 31 (N.J. Super. App. Div. 2002).  Here, Plaintiff briefly alludes to being medicated after the assaults but does not provide sufficient facts to warrant tolling the limitations period as to her Eighth Amendment claims.  As such, the Court dismisses without prejudice the Eighth Amendment excessive force and failure to protect claims as untimely.

Finally, Plaintiff may be attempting to assert a Fourteenth Amendment § 1983 claim for forced medication.  Under the Due Process Clause of the Fourteenth Amendment, prison inmates "possess[ ] a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs[.]"  *See Washington v. Harper*, 494 U.S. 210, 221 (1990).  Nevertheless, psychotropic medication may be administered against an inmate's wishes where doing so is reasonably related to the DOC's legitimate penological interests.  *See id.* at 223.  Those interests include "combating the danger posed by [the inmate] to both [her]self and others ... in a prison environment, and "provid[ing] prisoners with medical treatment consistent not only with their own medical interests, but also with the needs of the institution."  *Id.* at 225.  Ultimately, "given the requirements of the prison environment, the Due Process Clause permits the State to treat a prison inmate who has a serious mental illness with antipsychotic drugs against [her] will, if the inmate is dangerous to [herself] or others and the treatment is in the inmate's medical interest."  *Id.* at 227.

Here, Plaintiff alleges that after the assaults, she was medicated for "mental health" reasons against her will, and she was placed on suicide watch even though she was not suicidal. It is not clear from the face of the Complaint whether this claim is untimely. Nevertheless, this claim is inadequately pleaded. The Complaint does not identify the individual or individuals responsible for forcibly medicating Plaintiff, the types of medications Plaintiff was forced to take, the length of time she was forcibly medicated, or whether she was medicated because she was a danger to herself or others. As such, Plaintiff fails to state a claim for relief under § 1983 for violation of her Fourteenth Amendment right to avoid unwarranted forcible medication. *See Evancho*, 423 F.3d at 353 (explaining that a civil rights complaint "is adequate where it states the conduct, time, place, and persons responsible"). The Court dismisses <u>without prejudice</u> the Fourteenth Amendment § 1983 claim for forcible medication for these reasons.

"[P]laintiffs who file complaints subject to dismissal should receive leave to amend unless amendment would be inequitable under [§ 1915] or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Here, the Court grants leave to amend. The Court will provide Plaintiff with 30 days to submit an amended complaint to the extent she can cure the deficiencies in her claims and provide facts in support of equitable tolling, should she reassert the Eighth Amendment claims. Plaintiff should note that if she elects to submit an Amended Complaint, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading. *See West Run Student Housing Associates, LLC v. Huntington National Bank*, 712 F.3d 165, 171 (3d Cir. 2013)(collecting cases). To avoid confusion, the safer practice is to submit an amended complaint that is complete in itself. *Id.*

In conclusion, the Complaint is dismissed in its entirety for failure to state a claim for relief pursuant to the Court's screening authority under 28 U.S.C. § 1915A and 42 U.S.C. § 1997e. The

8

§ 1983 claims against NJDOC and Edna Mahan are dismissed <u>with prejudice</u> for failure to state a claim for relief.  The Eighth Amendment § 1983 claims against William Hauck are dismissed <u>without prejudice</u> for failure to state a claim for relief and as untimely.  The Eighth Amendment § 1983 claims for excessive force against the unidentified corrections officers are dismissed <u>without prejudice</u> as untimely.  The Fourteenth Amendment forcible medication claim is dismissed <u>without prejudice</u> for failure to state a claim for relief.  Within 30 days of the date of this Order, Plaintiff may submit an amended complaint to the extent she can cure the deficiencies in the claims the Court has dismissed <u>without prejudice</u>.  An appropriate Order follows.


<i>s/Freda L. Wolfson</i><br>FREDA L. WOLFSON<br>U.S. Chief District Judge

June 3, 2022